NUMBER 13-07-00689-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

FRANCISCO FLORES ZAVALA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 206th District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 Appellant, Francisco Flores Zavala, was charged by indictment with six counts of
indecency with a child by exposure, a third-degree felony. See Tex. Penal Code Ann. §
21.11(a)(2)(A), (d) (Vernon 2003). Zavala pleaded guilty to three of the charges alleged
in the indictment without the benefit of a plea agreement. The trial court accepted Zavala's
guilty plea, found him guilty of the three charges, and sentenced him to five years'
incarceration in the Institutional Division of the Texas Department of Criminal Justice with
no fine for the three counts. (1) The sentences were ordered to run concurrently, and the
remaining charges were left unadjudicated. (2) The trial court also certified Zavala's right to
appeal, and he now brings this appeal. We affirm. 

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Zavala's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Though counsel presents "issues" in his brief, he concludes that these "issues" lack merit
and that any appeal in this case would be frivolous. See id. Counsel's brief meets the
requirements of Anders as it presents a professional evaluation demonstrating why there
are no arguable grounds to advance on appeal. See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance
'arguable' points of error if counsel finds none, but it must provide record references to the
facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v.
State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Zavala's appellate counsel has carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has informed this Court that he
has: (1) examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel's motion to withdraw on Zavala, and (3) informed
Zavala of his right to review the record and to file a pro se response. (3) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. More than an adequate period of time has passed, and Zavala has not filed a pro
se response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court. 

III. Motion to Withdraw

 In accordance with Anders, Zavala's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Zavala and to advise Zavala of his right to file a petition for
discretionary review. (4) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

3rd day of December, 2009. 
1. The punishment range for third-degree felonies is imprisonment for two to ten years and an optional
fine of not more than $10,000. See Tex. Penal Code Ann. § 12.34 (Vernon 2003).
2. Zavala admitted to having committed all of the offenses alleged in the indictment; however, Zavala
only pleaded guilty to three of the charges, and he and the State agreed to allow the trial court to consider the
remaining three charges as "admitted unadjudicated offense[s]." The trial court considered the remaining
charges at the punishment phase of trial and signed an order on October 15, 2007, barring the State from
prosecuting Zavala for the remaining charges.
3. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
4. No substitute counsel will be appointed. Should Zavala wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.